**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4671**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALONZO NEIL BROWN,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:09-cr-00295-DCN-3)

Submitted:  March 24, 2011          Decided:  April 14, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher L. Murphy, STUCKEY LAW OFFICES, LLC, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Alston C. Badger, Assistant United States Attorneys, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a trial, Alonzo Neil Brown was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1) (2006). He was acquitted of charges relating to a bank robbery. On appeal, Brown's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal but raising for the court's consideration whether the evidence was sufficient to support the conviction and whether the sentence was reasonable. Brown was given the opportunity to file a pro se supplemental brief but declined. After reviewing the record, we affirm the district court's judgment.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks

omitted). The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

We conclude there was more than sufficient evidence to support Brown's conviction. In fact, at trial, Brown admitted possessing a firearm. He only stood trial to challenge the charges that concerned the bank robbery.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence imposed is within the appropriate Guidelines range, on appeal it is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude there was no error with respect to the calculation of the advisory Guidelines sentence. Insofar as this court noticed a possible error with respect to the district court's obligation to provide an individualized assessment justifying the sentence, see United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010), and provided the parties an opportunity to brief the issue, we conclude that any error was harmless.

Because Brown preserved the error, we employ a harmless error review to determine whether any procedural error by the district court warrants reversal. Id. at 579. This

4

standard requires that the Government bear the burden of establishing that the error did not affect Brown's substantial rights.  United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006).  Specifically, the Government "may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed."  United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

In this case, there was evidence tending to show that Brown participated in the robbery and that after the robbery, Brown posed a potential threat to officer and civilian safety. Also, the record demonstrates that the district court considered Brown's arguments in support of his request for a low-end guideline sentence.  Thus, we conclude that even if the district court failed to provide an adequate explanation for Brown's sentence, the court undertook the proper analysis and further elaboration would not have affected the sentence imposed.  See id. at 838.

In accordance with Anders, we have reviewed the entire record for meritorious issues, and with the exception of the sentencing issue noted above, we have found none.  We therefore

5

affirm.  This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED